

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/27/2013

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-38794 |
| NC12, INC., | § | Chapter 7 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION

J. Craig Cowgill & Associates, P.C.'s ("Cowgill"), Amended First and Final Application for Compensation (ECF No. 99), is granted in the amount of $92,435.27.

### Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

### Background

Debtor, NC12, Inc. ("NC12") filed its voluntary chapter 11 petition on October 18, 2011. (ECF No. 1). On December 1, 2011, the Court entered an order approving Cowgill as NC12's counsel. (ECF No. 12). On December 22, 2012, the Court ordered the United States Trustee ("UST") to appoint an examiner in the case. (ECF No. 28). The case was converted to a case under chapter 7 on March 27, 2012. (ECF No. 58).

Cowgill filed its First and Final Application for Compensation on June 18, 2012. (ECF No. 94). After conferring with Janet S. Northrup, the chapter 7 trustee, Mr. Cowgill agreed to reduce the requested fees by $29,100.00. Subsequently, Cowgill filed its Amended First and Final Application for Compensation and Reimbursement of Expenses ("Application") on June 27, 2012. (ECF No. 99). Ms. Northrup filed her Statement of No Opposition to Fee Application after Amendment on June, 27, 2012. (ECF No. 103).

Cowgill's application sought compensation for the time period from October 11, 2011 through April 26, 2012. (ECF No. 99 at 2). Cowgill sought payment of $80,750.00 in professional fees and reimbursement for $11,685.27 in expenses for a total of $92,435.27.[1] (ECF No. 99 at 2).

Cowgill categorizes its services in five categories: (1) administrative matters; (2) cash collateral and post-petition financing; (3) matters regarding motion to sell assets; (4) motion to convert; and (5) motion to extend exclusivity period to file plan and disclosure. (ECF No. 99 at 8). A detailed record of Cowgill's time is provided as "Exhibit B" to the Application. (ECF No. 99-1).

A hearing on the Application was held on July 25, 2012. The Court inquired whether Cowgill could be compensated in light of the Fifth Circuit decision in *Pro-Snax*.

Mr. Cowgill testified that he would not have taken the case if he did not think he could confirm a chapter 11 plan. When he filed the case, he believed that post petition financing would be available and that a plan could be confirmed that provided for a sale of significant assets of the estate. However due to issues concerning shareholders of NC12, an examiner was appointed. Based on the examiner's report, the UST took the position that the case be converted to chapter 7. The case was converted. Mr. Cowgill asserts that his preservation of NC12's assets is beneficial to the current chapter 7 estate because the assets he helped preserve were made available to the chapter 7 trustee. He testified that NC12's assets were scattered all over the country and he worked with the UST in locating and gaining control of virtually all such assets.

The Court agrees that Cowgill provided some material, tangible benefit to the estate.

---

[1] This amount is offset by a $25,000.00 retainer and the $1,039.00 filing fee, both of which NC12 paid, for a remaining balance on the Application of $66,396.27.

At the time of the July 25 hearing, several cases seemed to be headed to Fifth Circuit to get clarification on *Pro-Snax*. Mr. Cowgill chose to have the Application abated until January 31, 2013 to see if the Fifth Circuit provided any clarification on *Pro-Snax*. To date, the Fifth Circuit has issued no such opinion.

**Analysis**

Section 330 of the Bankruptcy Code provides that a court may award "reasonable compensation for actual, necessary services rendered" by debtor's counsel and "reimbursement for actual, necessary expenses." Debtor's counsel must demonstrate that its work is actual and necessary to the estate and must prove that its fee is reasonable. *Okin Adams & Kilmer, LLP v. Hill (In re Yazoo Pipeline Co., L.P. et al)*, 2012 WL 6682025, at *8 (S.D. Tex. Dec. 21, 2012).

The leading Fifth Circuit decision regarding § 330 and a chapter 11 debtor's attorney is *Pro-Snax*. *Id*. at 9. In *Pro-Snax*, the Fifth Circuit held that § 330 does not authorize legal fees for a chapter 11 debtor's attorney after a trustee has been appointed. *Andrews & Kurth, L.L.P. v. Family Snacks, Inc. et al. (In re Pro-Snax Distrib., Inc.)*, 157 F.3d 414, 425 (5th Cir. 1998). *Pro-Snax* further held that in determining whether a debtor's attorney should be compensated for services rendered prior to the appointment of a trustee, courts must examine whether the services resulted in an identifiable, tangible, and material benefit to the bankruptcy estate. *Id* at 426.

Lower courts in the Fifth Circuit have found it difficult to apply the *Pro-Snax* holding. *In re Yazoo Pipeline*, 2012 WL 6682025, at *10. Courts are divided on whether the material benefit question should be answered solely from a retrospective vantage point looking at the results of counsel's efforts; or whether it can include a prospective consideration of the likely benefit to the estate at the time services were performed. *Id*.

Considerations favoring a retrospective view are as follows:

(1) *Pro-Snax* requires that counsel's services "*result*...in a...material benefit to the estate." *In re Cyrus II Partnership et al.*, 2009 WL 2855725, at *3 (Bankr. S.D. Tex. Sept. 1, 2009) (emphasis in original).

(2) In *Pro-Snax* the Fifth Circuit also affirmed the district court's instruction to the bankruptcy court, to consider strongly the debtor's lack of success in confirming a chapter 11 plan. *Id*.

(3) The *Pro-Snax* Court's rejection of the reasonableness test in determining whether services were objectively beneficial at the time they were performed. *Id*.

Considerations favoring a prospective view are that:

(1) The *Pro-Snax* Court acknowledged that at the time services are rendered, the likelihood of success must outweigh the cost. *Id*.

(2) The plain language of § 330(a)(3)(C) provides that in determining the amount of reasonable compensation courts should consider "whether the services were necessary…at the time at which the service was rendered."

In order to comport with the holding in *Pro-Snax* and the plain language of § 330, this Court has determined that a hybrid approach—which considers both retrospective and prospective viewpoints is the best possible inquiry. *In re Cyrus II Partnership*, 2009 WL 2855725, at *5. Under this hybrid approach, "the services must be beneficial toward completion of the case at the time they are rendered and they must produce an identifiable, tangible, and material benefit to the estate." *Id*. at 5 (quoting *In re Spillman Dev. Grp., Ltd.*, 376 B.R. 543, 550 (Bankr. W.D. Tex. 2007).

Under *Pro-Snax* it is clear that Cowgill should not be compensated for any services rendered after March 27, 2012—the date the case was converted to one under chapter 7.

Regarding pre-conversion services, Mr. Cowgill testified that he provided a material benefit to the current chapter 7 estate by locating and gaining control of NC12's assets that were scattered across the country. However, Cowgill's Exhibit B to the Application provides no details of time spent in this regard. The Court cannot precisely determine what if any time was actually dedicated to locating and gaining control of assets.

Nevertheless, the evidence is undisputed that Cowgill provided some material, tangible benefit to the estate. The precise extent of the material benefit to the chapter 7 estate is not fully ascertainable at this time as the case is not yet closed. The person in the best position to know the value of Cowgill's services to the chapter 7 estate is Ms. Northrup, the trustee. Based on Ms. Northrup's Statement of No Opposition to Fee Application after Amendment, the Court finds that Cowgill's services provided value to the chapter 7 estate in the amount of the Amended Application, $92,435.27. This amount is offset by the $25,000.00 retainer and $1,039.00 filing fee, allowing a chapter 11 administrative expense of $66,396.27. *See* 11 U.S.C. § 503(b)(2); 11 U.S.C. § 726(b).

## Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **February 27, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE